KETHLEDGE, Circuit Judge,
dissenting.
Police officers are “entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions, and to take reasonable measures to protect themselves.” United States v. Jacob, 377 F.3d 573, 579 (6th Cir.2004) (internal quotation marks omitted). Here, Officer Ray obtained valid consent from Adkins to search the Tahoe, a car that Ray knew was the subject of a drug-trafficking investigation. But Ray first had to decide what to do with Noble, an unusually nervous passenger sitting inside.
In my view, Ray reasonably ordered Noble out of the car and frisked him for weapons. There was an appreciable risk that Noble' was involved in drug trafficking and, consequently, that he was carrying a weapon. Noble’s extreme nervousness only heightened the danger to Ray. Moreover, in order to search the car, Ray would have had to divert his gaze from Noble at some point, which means that Noble would have had the opportunity to pull a gun on Ray during the search. I do not believe the Fourth Amendment required Ray to take that risk in order to execute a lawful search. The reasonable course of action, which Ray took, was first to frisk Noble to make sure he did not have a gun. That said, the question is close, and our precedents do not compel an answer one way or the other. But the touchstone of the Fourth Amendment is reasonableness; and by that measure, Ray’s frisk of Noble was lawful.
I respectfully dissent.